IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN FIELDER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action No. 09-881 |
| | ) | Judge Nora Barry Fischer/ |
| JUDGE FRANCIS J. FORNELLI; JUDGE | ) | Chief Magistrate Judge Amy Reynolds Hay |
| JOHN C. REED; JUDGE THOMAS R. | ) | |
| DOBSON; ROBERT G. KOCHEMS, | ) | |
| District Attorney; RYAN BONNER, | ) | |
| Assistant District Attorney; MR. GILL, | ) | |
| Warden of Mercer County Prison; MRS. | ) | |
| CRAIG, Deputy Warden of Mercer County | ) | |
| Prison; MR. MORGANSTERN, Deputy | ) | |
| Warden of Mercer County Prison; SUPER- | ) | |
| INTENDENT MICHAEL HARLOW; | ) | |
| FRED RUFO, Superintendent Deputy; MR | ) | |
| MAHLMEISTER, Superintendent Deputy; | ) | |
| SECRETARY JEFFREY A. BEARD, Ph.D. | ) | Re: Dkt. [13] |
| | ) | |
| Defendants | ) | |

# REPORT AND RECOMMENDATION

I.  Recommendation

It is respectfully recommended that Plaintiff's motion for Preliminary Injunction be denied as moot.

II.  Report

Plaintiff initiated this civil rights suit pursuant to 42 U.S.C. § 1983, on July 7, 2009, while he was housed at the SCI-Mercer, complaining of conditions at the Mercer County Jail and also at SCI-Mercer. On March 12, 2010, Plaintiff filed a notice of a change of address,

indicating that he was now housed at SCI-Camp Hill. Dkt. [12]. Subsequently, Plaintiff filed a motion for preliminary injunction on April 20, 2010, Dkt. [13], complaining that Defendants Harlow, Rufo, and Mahlmeister, "being in charge of SCI at Mercer," id., at 1, ¶ 1, were interfering with his mail there at SCI-Mercer, and denying him an adequate law library at SCI-Mercer. Because Plaintiff's transfer out of SCI-Mercer to SCI-Camp Hill moots his claims for injunctive relief, the preliminary injunction motion should be denied.

The rule is that where a plaintiff seeks injunctive relief against prison officials whose control he is no longer subject to or against a prison he is no longer housed in, there is no longer a live controversy and a court cannot grant that injunctive relief. See Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993); Fortes v. Harding, 19 F.Supp.2d 323, 326 (M.D.Pa. 1998); Marrie v. Nickels, 70 F.Supp.2d 1252, 1259 (D.Kan. 1999) ("Generally, an inmate's transfer to another prison or release moots his request for declaratory or injunctive relief.") (collecting cases); Chapdelaine v. Keller, No. 95-CV-1126, 1998 WL 357350, at *4 (N.D.N.Y. April 16, 1998) ("plaintiff is no longer incarcerated at Ray Brook and is no longer housed in a four person cell. He is not subject to any real or imagined 'threats, intimidation, or harassment' by the Ray Brook staff. . . . Consequently, plaintiff's request for an injunction that restrains Ray Brook officials from violating his civil rights is moot and should be dismissed...."). Hence, the motion for Preliminary Injunction should be denied as moot.

III. Conclusion

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation,

a copy of which docket entry is being mailed to Plaintiff along with the Report. Failure to timely file objections may constitute a waiver of any appellate rights. Any party opposing objections may file their response to the objections in accordance with Local Civil Rule 72.D.2.

                                                Respectfully submitted,

                                                /s/ *Amy Reynolds Hay*
                                                Chief United States Magistrate Judge

Dated: 30 June, 2010

cc:     Brian Fielder
        HB-1296
        SCI Camp Hill
        P.O. Box 200
        Camp Hill, PA 17001

        Counsel of Record via CM-ECF